IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01346-BNB

DWAUNE J. GRAVLEY, SR.,

    Applicant,

v.

WARDEN, United States Penitentiary, Administrative Maximum Facility,
    Florence, Colorado, and
BUREAU OF PRISONS,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Dwaune J. Gravley, Sr., is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX). He filed *pro se* on May 23, 2013, a document titled "Cumulatively Denied Due[:] Petition for a Writ of Habeas Corpus and/or Newly Discovered Evidence; Requesting Evidentiary Hearing; Perjury: Prosecutorial Misconduct: Requesting Mr. Gravley be released to General Population; Violation of Due Process; Insufficient Evidence; Destruction of Exculpatory/Material Evidence" (ECF No. 1). He has paid the $5.00 filing fee for a habeas corpus action.

    The Court must construe the document liberally because Mr. Gravley is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gravley will

be ordered to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the proper, Court-approved form.

The document Mr. Gravley submitted to the Court on May 23, which the Court will construe liberally as a habeas corpus application, is unnecessarily wordy, vague, and confusing.  Mr. Gravley asserts ten claims, asks for expungement of his disciplinary conviction, release to general population from the ADX lockdown facility, and money damages, which are unavailable through a habeas corpus action.  It is not clear whether Mr. Gravley is attacking his disciplinary conviction, his original conviction and sentence in Criminal Action No. 09-cr-13 in the United States District Court for the Eastern District of Kentucky, or both.  He may only challenge one or the other in the instant action.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Gravley must "specify all [available] grounds for relief" and he must "state the facts

supporting each ground." Rule 1(b) of the Section 2254 Rules applies those rules to the instant action. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, the amended application Mr. Gravley will be directed to file must allege in a clear and concise manner both the § 2241 claims he seeks to raise and the specific facts to support each asserted claim.

In addition, the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, the Federal Bureau of Prisons is not a proper party to this action.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Applicant, Dwaune J. Gravley, Sr., file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Gravley shall obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the amended application. It is

FURTHER ORDERED that if Mr. Gravley fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED May 28, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge