IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01346-BNB

DWAUNE J. GRAVLEY, SR.,

    Applicant, named as Petitioner,

v.

WARDEN, USP FLORENCE ADMAX,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Dwaune J. Gravley, Jr., is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He filed *pro se* on May 23, 2013, a document titled "Cumulatively Denied Due[:] Petition for a Writ of Habeas Corpus and/or Newly Discovered Evidence; Requesting Evidentiary Hearing; Perjury: Prosecutorial Misconduct: Requesting Mr. Gravley be released to General Population; Violation of Due Process; Insufficient Evidence; Destruction of Exculpatory/Material Evidence" (ECF No. 1). He has paid the $5.00 filing fee for a habeas corpus action.

    On May 28, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Gravley to file within thirty days on the Court-approved form an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in

the United States District Courts (Section 2254 Cases), and sued the proper Respondent. The May 28 order warned Mr. Gravley that if he failed to cure the designated deficiencies, the action would be dismissed without further notice.

On June 18, 2013, after being granted an extension of time, Mr. Gravley filed an amended habeas corpus application. On June 20, 2013, he submitted a combination motion to clarify the record and amend the amended application submitted on June 18 by adding a fifteenth claim.

The Court must construe Mr. Gravley's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied and the action dismissed.

The amended application (ECF No. 6) Mr. Gravley submitted to the Court on June 18 is not on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The May 28 order specifically directed Mr. Gravley to obtain the Court-approved Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and to use that form in filing the amended application. He has failed to do so.

The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did

not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action). In addition, the amended application fails to comply with the pleading requirements of Fed. R. Civil Procedure 8 and Section 2254 Rules 2(c)(1) and 2(c)(2) as discussed in the May 28 order.

Therefore, the amended application will be denied for failure to comply with the

directives of the May 28 order, and the action will be dismissed without prejudice.  If Mr. Gravley wishes to pursue his claims, he may do so by initiating a new action with a habeas corpus application submitted on the proper, Court-approved form that complies with Fed. R. Civil Procedure 8 and Section 2254 Rules 2(c)(1) and 2(c)(2).  The form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is available, with the assistance of Mr. Gravley's case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Gravley files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 6) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Dwaune J. Gravley, Sr., to comply with the order (ECF No. 3) for amended application dated May 28, 2013.  It is

5

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   10th   day of     July      , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court